# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION

R.D.J. A MINOR, BY NEXT FRIEND )
LUCIANA RACHELLE JACKSON )
D.D.J., A MINOR, BY NEXT FRIEND )
RANIKA LASHAWN JENKINS AND )
CHRISTINE DIXON )
                      Plaintiffs, )
                              )
    v. )   Case No. 2:11-CV- 04123-FJG
                              )
CORIZON, INC., f/k/a CORRECTIONAL )
MEDICAL SERVICES, INC., et al., )
                              )
                   Defendants. )

## ORDER

Currently pending before the Court is Plaintiffs' Motion to Remand (Doc. # 31) and Correctional Medical Services Inc.'s Motion for Extension of Time to File Responsive Pleadings (Doc. # 32).

### I.  BACKGROUND

Plaintiffs initially filed suit in Missouri State Court on March 18, 2011.  Defendant Correctional Medical Services, Inc. was served on April 8, 2011 and removed the case to this Court on May 9, 2011.  On July 20, 2011, plaintiffs filed a Motion to Dismiss the following defendants without prejudice:  the State of Missouri, Missouri Department of Corrections, Fulton Reception and Diagnostic Center and Larry Crawford.  The Court granted this motion on July 28, 2011.  On November 30, 2011, plaintiffs filed an Amended Complaint against Corizon, Inc. f/k/a Correctional Medical Services, Alfred Garcia and Maria Parker.  The only claims asserted in the Amended Complaint are Wrongful Death caused by medical malpractice against defendants Garcia, Parker and Correctional Medical Services, Inc.  Plaintiffs have now filed the instant Motion to

Remand the case to state court.

Plaintiffs move to remand this case to state court because all of the federal claims over which the Court had federal question jurisdiction have now been dismissed.

Defendant Corizon opposes the Motion to Remand arguing that jurisdiction is determined at the time of removal and a party may not defeat jurisdiction by deleting this aspect from their Complaint. Defendant also argues that plaintiffs have added new claims and parties to their Complaint. Defendant states that the plaintiffs have engaged in litigation in this Court for ten months and that it is within the Court's discretion whether to grant the Motion to Remand. Defendant also requests an award of costs and/or its filing fee in the event the Court grants the Motion to Remand.

## II. STANDARD

28 U.S.C. § 1441 states in part:

(a) Generally - Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1367 Supplemental jurisdiction states in part:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

. . .

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -

. . .

(3) the district court has dismissed all claims over which it has original jurisdiction

2

In Williams v. Reynor Rensch & Pfieffer, No. 8:11CV446, 2012 WL 1067688, *3 (D.Neb. Mar. 29, 2012), the Court stated, "[t]he Eighth Circuit has held that 'where a plaintiff has filed an amended complaint, federal courts must resolve questions of subject matter jurisdiction by examining the face of the amended complaint.'" Id. at * 3 (quoting In re Atlas Van Lines, Inc., 209 F.3d 1064,1067 (8th Cir.2000)).

### III. DISCUSSION

In examining the face of plaintiffs' First Amended Complaint, the Court finds that there are no claims asserted under either 42 U.S.C. § 1983 or any other federal statute. The only claims remaining in plaintiffs' First Amended Complaint are Missouri wrongful death claims allegedly caused by medical malpractice against Corizon, Inc. and the doctor and nurse who treated the decedent. Defendants argue that jurisdiction should be determined at the time of removal and that a party cannot defeat jurisdiction by deleting portions of their claim. However, the Court would note that jurisdiction in this case is proper, and the motion to remand need not be granted because the court lacks jurisdiction. Rather, it is within the Court's discretion whether to remand or retain the state law claims. In Lindsey v. Dillard's Inc., 306 F.3d 596, 599 (8th Cir. 2002), the Court stated, "[u]nder §§ 1367(c) and 1441(c), a court is not required to remand state law claims when the only federal claim has been dismissed. Instead, the district court maintains discretion to either remand the state law claims or keep them in federal court." "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343,357, 108 S.Ct. 614, 98 L.Ed.2d 720, n.7 (1988), superseded on other grounds

3

by statute as recognized in Fent v. Okla. Water Res. Bd., 235 F.3d 553,557 (10th Cir.2000). See also Shiraz Hookah, L.L.C. v. City of Minneapolis, No. 11-CV-2044 (PJS/JJK), 2011 WL 6950483, *7 (D. Minn. Dec. 30, 2011)(same). In the instant case, neither the parties nor the Court have invested significant time or resources in litigating this case in federal court. Therefore, considering the factors of judicial economy, convenience, fairness and comity, the Court hereby **GRANTS** plaintiff's Motion to Remand (Doc. # 31) and **DENIES AS MOOT** Correctional Medical Services Inc.'s Motion for Extension of Time to File Responsive Pleadings (Doc. # 32). The Court also finds no basis on which to award either costs or fees to defendants.

Date:  May 3, 2012                         **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                  Fernando J. Gaitan, Jr.
                                                        Chief United States District Judge